**B104 (FORM 104) (08/07)**       **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

| **NATURE OF SUIT** ||
|---|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) ||
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

| | |
|---|---|
| Jeffrey N. Pomerantz, Esq. | Lynn L. Tavenner, Esq. (VA Bar No. 30083) |
| Andrew W. Caine, Esq. | Paula S. Beran, Esq. (VA Bar No. 34679) |
| (admitted *pro hac vice*) | TAVENNER & BERAN, PLC |
| PACHULSKI STANG ZIEHL & JONES LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard | Richmond, Virginia 23219 |
| Los Angeles, California 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy:   (804) 783-0178 |
| Telecopy:   (310) 201-0760 | |

- and –

Robert J. Feinstein, Esq.
John A. Morris, Esq.
(admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Telecopy: (212) 561-7777

*Counsel to the Liquidating Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-35653 (KRH) |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE | ) | |
| CIRCUIT CITY STORES, INC. LIQUIDATING | ) | Adv. Pro. No. 10-_____ |
| TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL E. FOSS, GEORGE D. CLARK, JR., | ) | |
| PHILIP J. DUNN, PHILIP J. SCHOONOVER, | ) | |
| RONALD G. CUTHBERTSON, ERIC A. JONAS, | ) | |
| JR., MARC J. SIEGER, RANDALL W. WICK, | ) | |
| REGINALD D. HEDGEBETH, JOHN J. KELLY, | ) | |
| DAVID L. MATHEWS, IRYNNE V. MACKAY, | ) | |
| WILLIAM E. MCCOREY, JR., STEVEN P. | ) | |
| PAPPAS, PETER C. WEEDFALD, MARSHALL J. | ) | |
| WHALING, BRUCE H. BESANKO, JOHN T. | ) | |
| HARLOW, JEFFREY S. STONE, BRIAN S. | ) | |
| BRADLEY, and KELLY E. BREITENBECHER, | ) | |
| | ) | |
| Defendants. | ) | |

12304-002\DOCS_NY:22480.1

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his complaint against Michael E. Foss, George D. Clark, Jr., Philip J. Dunn, Philip J. Schoonover, Ronald G. Cuthbertson, Eric A. Jonas, Jr., Marc J. Sieger, Randall W. Wick, Reginald D. Hedgebeth, John J. Kelly, David L. Mathews, Irynne V. MacKay, William E. McCorey, Jr., Steven P. Pappas, Peter C. Weedfald, Marshall J. Whaling, Bruce H. Besanko, John T. Harlow, Jeffrey S. Stone, Brian S. Bradley, Kelly E. Breitenbecher (collectively, the "Directors"), alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for breach of fiduciary duty, including the duty of care, against certain former officers and Directors of Circuit City Stores, Inc. ("Circuit City").

2. In May 2004, Circuit City indirectly acquired InterTAN, Inc. ("InterTAN"). With the acquisition, Circuit City also acquired, among other things, InterTAN Canada Ltd. ("InterTAN Canada"), a wholly-owned subsidiary of InterTAN. Prior to the acquisition, InterTAN Canada conducted business in France through a "French permanent establishment" and InterTAN France SNC ("InterTAN France"), a French partnership owned directly and indirectly by InterTAN Canada.

3. InterTAN Canada ceased doing business in France, and InterTAN France was liquidated, prior to Circuit City's acquisition of InterTAN. The Directors knew or should have known prior to and continuing at all times after Circuit City's acquisition of InterTAN that InterTAN Canada's "French permanent establishment" had to be removed from the French Commercial and Company Registry, and that the dissolution of InterTAN France had to be

completed. Despite actually or constructively possessing such knowledge, the Directors never took any steps to complete either task.

4. The Board at the time of the acquisition was advised of the risks attendant to InterTAN Canada and InterTAN France, but negligently proceeded without taking any steps to ameliorate the exposure. Subsequently, the Directors were further and repeatedly advised of the potential tax liability associated with InterTAN Canada's French permanent establishment, and InterTAN France, but negligently did nothing.

5. By failing to act, and with the knowledge of the risk, the Directors exposed Circuit City (and now, Circuit City's estate) to potentially substantial tax liabilities in France. The Directors failed to use good care, and breached their fiduciary duty, by failing to remove InterTAN Canada's "French permanent establishment" and completing the dissolution of InterTAN France, despite knowledge of the potential tax liability that was accruing.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

7. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 503, 541, 542, and 558 of title 11, United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

10. The Trustee ("Plaintiff") is the duly appointed trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), which was established by virtue of the Plan.

Pursuant to Articles II and III of the Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

11. Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its affiliated debtors in possession (collectively, "Circuit City" or the "Debtors") were corporations organized under the laws of the Commonwealth of Virginia with a principal place of business in Richmond, Virginia, and were the debtors in the above-captioned chapter 11 bankruptcy cases.[1]

12. Upon information and belief, Michael E. Foss ("Foss") is an individual residing in or around San Diego, California. From at least January 1, 2004 through at least March 31, 2007, Foss served as an officer and Director of Circuit City.

13. Upon information and belief, George D. Clark, Jr. ("Clark") is an individual residing in or around Lafayette, Louisiana. From at least January 1, 2004 through at least March 31, 2007, Clark served as an officer and Director of Circuit City.

14. Upon information and belief, Philip J. Dunn ("Dunn") is an individual residing in or around Richmond, Virginia. From at least January 1, 2004 through at least March 31, 2008, Dunn served as an officer and Director of Circuit City.

15. Upon information and belief, Philip J. Schoonover ("Schoonover") is an individual residing in or around Osterville, Massachusetts. From at least May 1, 2005 through at least March 31, 2008, Schoonover served as an officer and Director of Circuit City.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
(cont'd)

16. Upon information and belief, Ronald G. Cuthbertson ("Cuthbertson") is an individual residing in or around Barrie, Ontario, Canada. From at least May 1, 2005 through at least March 31, 2007, Cuthbertson served as an officer and Director of Circuit City.

17. Upon information and belief, Eric A. Jonas, Jr. ("Jonas") is an individual residing in or around Edgewater, New Jersey. From at least May 1, 2005 through at least March 31, 2008, Jonas served as an officer and Director of Circuit City.

18. Upon information and belief, Marc J. Sieger ("Sieger") is an individual residing in or around Lynnfield, Massachusetts. From at least May 1, 2005 through at least March 31, 2008, Sieger served as an officer and Director of Circuit City.

19. Upon information and belief, Randall W. Wick ("Wick") is an individual residing in or around Boca Raton, Florida. From at least May 1, 2005 through at least March 31, 2007, Wick served as an officer and Director of Circuit City.

20. Upon information and belief, Reginald D. Hedgebeth ("Hedgebeth") is an individual residing in or around Houston, Texas. From at least May 1, 2005 through at least March 31, 2008, Hedgebeth served as an officer and Director of Circuit City.

21. Upon information and belief, John J. Kelly ("Kelly") is an individual residing in or around West Chester, Pennsylvania. From at least May 1, 2005 through at least March 31, 2008, Kelly served as an officer and Director of Circuit City.

22. Upon information and belief, David L. Mathews ("Mathews") is an individual residing in or around Beverly, Massachusetts. From at least May 1, 2005 through at least March 31, 2007, Mathews served as an officer and Director of Circuit City.

---

(cont'd from previous page)
    (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

23. Upon information and belief, Irynne V. MacKay ("MacKay") is an individual residing in or around Fort Lauderdale, Florida. From at least May 1, 2006 through at least March 31, 2008, MacKay served as an officer and Director of Circuit City.

24. Upon information and belief, William E. McCorey, Jr. ("McCorey") is an individual residing in or around Richmond, Virginia. From at least May 1, 2006 through at least March 31, 2008, McCorey served as an officer and Director of Circuit City.

25. Upon information and belief, Steven P. Pappas ("Pappas") is an individual residing in or around Midlothian, Virginia. From at least May 1, 2006 through at least March 31, 2007, Pappas served as an officer and Director of Circuit City.

26. Upon information and belief, Peter C. Weedfald ("Weedfald") is an individual residing in or around Glen Ridge, New Jersey. From at least May 1, 2006 through at least March 31, 2007, Weedfald served as an officer and Director of Circuit City.

27. Upon information and belief, Marshall J. Whaling ("Whaling") is an individual residing in or around Richmond, Virginia. From at least May 1, 2006 through at least March 31, 2008, Whaling served as an officer and Director of Circuit City.

28. Upon information and belief, Bruce H. Besanko ("Besanko") is an individual residing in or around Longmeadow, Massachusetts. From at least April 1, 2007 through at least March 31, 2008, Besanko served as an officer and Director of Circuit City.

29. Upon information and belief, John T. Harlow ("Harlow") is an individual residing in or around St. James, New York. From at least April 1, 2007 through at least March 31, 2008, Harlow served as an officer and Director of Circuit City.

30. Upon information and belief, Jeffrey S. Stone ("Stone") is an individual residing in or around Pembroke, Massachusetts. From at least April 1, 2007 through at least March 31, 2008, Stone served as an officer and Director of Circuit City.

31. Upon information and belief, Brian S. Bradley ("Bradley") is an individual residing in or around Clearwater, Florida. From at least April 1, 2007 through at least March 31, 2008, Bradley served as an officer and Director of Circuit City.

32. Upon information and belief, Kelly E. Breitenbecher ("Breitenbecher") is an individual residing in or around San Diego, California. From at least April 1, 2007 through at least March 31, 2008, Breitenbecher served as an officer and Director of Circuit City.

## STATEMENT OF FACTS

**A.    Circuit City Acquires InterTAN**

33. In 2004, Circuit City created Winston Acquisition Corp. ("Winston").

34. On or about March 30, 2004, Circuit City and Winston entered into an Acquisition Agreement and Agreement and Plan of Merger (the "Agreement") with InterTAN's predecessor ("Old InterTAN").

35. Pursuant to the Agreement, Winston effectuated a tender offer for all issued and outstanding shares of common stock of Old InterTAN, and then merged with Old InterTAN, with InterTAN as the surviving corporation (the "Transaction"). On or about May 19, 2004 (the "Acquisition Date"), the Transaction was completed, and InterTAN became a wholly-owned indirect subsidiary of Circuit City.

36. Old InterTAN owned, among other things, all of the outstanding shares of InterTAN Canada, which in turn owned approximately 99% of the partnership interests in InterTAN France as of the Acquisition Date (the other 1% of the partnership interests was owned by a wholly-owned affiliate of InterTAN Canada).

37. Thus, following the Transaction, and pursuant to the Agreement, InterTAN was (and remains) (a) the successor by merger to Old InterTAN; and (b) the owner of InterTAN Canada (which, at all relevant times, owned, directly and indirectly, InterTAN France).

**B.   InterTAN Ceases to do Business
in France Prior to the Transaction**

38. Upon information and belief, in or around 1993, the former owners of Old InterTAN decided to cease operations in France. At around that time, Old InterTAN shut down its European operations and began to liquidate its assets located there (including in France), a process that was completed in or around May 1994.

39. Upon information and belief, InterTAN Canada had been permitted to conduct business and other activities in France because it maintained a "French permanent establishment" through the French Commercial and Company Registry (the "Registry").

40. Upon information and belief, in February 1995, InterTAN Canada was placed into judicial liquidation in France with respect to its French permanent establishment.

41. Upon information and belief, the judicial liquidation of InterTAN Canada was extended to InterTAN France.

42. Upon information and belief, in January 2000, a judgment closed the judicial liquidation of both InterTAN Canada and InterTAN France.

43. Upon information and belief, in order to finalize its affairs in France, InterTAN Canada was required to (a) remove its French permanent establishment from the Registry; and (b) take additional steps in order to complete InterTAN France's dissolution or otherwise discontinue that entity's corporate existence (collectively, the "Final Steps").

C. **The Directors Fail to Take the Final Steps and Expose Circuit City to Potential Tax Liabilities**

44. The Directors did not complete the Final Steps at any time between the Acquisition Date and the Petition Date even though they (individually and collectively) knew or should have known that such Final Steps were required.

45. Upon information and belief, those named former Directors who sat on the Circuit City Board prior to the Acquisition Date (including Foss, Clark and Dunn, (together, the "2004 Directors")) knew or should have known from due diligence conducted by or on behalf of Circuit City of the need to take the Final Steps, and negligently failed to address these issues prior to and/or as part of the Acquisition.

46. The 2004 Directors owed a fiduciary duty to Circuit City from no later than April 30, 2004 (prior to the Acquisition Date) to the date they each ceased to serve on the Board -- which in each instance was no earlier than March 31, 2007 (the "2004 Directors' Period of Culpability").

47. With the knowledge gained during the due diligence period and thereafter, the 2004 Directors breached their fiduciary duty by failing to take the Final Steps at any time during the 2004 Directors' Period of Culpability.

48. Upon information and belief, in or about 2005, those named former Directors who sat on the Circuit City Board (including Foss, Clark, Schoonover, Cuthbertson, Jonas, Seiger, Wick, Hedgebeth, Kelly and Mathews (collectively, the "2005 Directors")) became aware of potential liabilities associated with InterTAN Canada's "French permanent establishment and InterTAN France that had been entered in InterTAN Canada's accounting records prior to or following the Acquisition Date.

49. The 2005 Directors knew or should have known of the need to take the Final Steps, but failed to do so, subjecting Circuit City (and now Circuit City's estate) to potential substantial tax liabilities. In so doing, the 2005 Directors -- each of whom owed a continuing fiduciary duty to Circuit City through at least March 31, 2007 -- breached their fiduciary duty to Circuit City.

50. Upon information and belief, in or about 2007, those named former Directors who sat on the Circuit City Board (including Foss, Clark, Dunn, Schoonover, Cuthbertson, Jonas, Sieger, Wick, Hedgebeth, Kelly, Mathews, MacKay, McCorey, Pappas, Weedfald and Whaling (collectively, the "2007 Directors")) obtained information concerning potential tax liabilities that may be owed to French taxing authorities arising out of a failure to properly dissolve and otherwise discontinue InterTAN Canada's French permanent establishment and InterTAN France.

51. The 2007 Directors knew or should have known of the need to take the Final Steps, but failed to do so, subjecting Circuit City (and now Circuit City's estate) to potential substantial tax liabilities. In so doing, the 2007 Directors -- each of whom owed a continuing fiduciary duty to Circuit City through at least March 31, 2008 -- breached their fiduciary duty to Circuit City.

52. Upon information and belief, in or about March, 2008, those named former directors who sat on the Circuit City board (including Dunn, Schoonover, Jonas, Sieger, Hedgebeth, Kelly, MacKay, McCorey, Whaling, Besanko, Harlow, Stone, Bradley and Bretienbecker (collectively, the "2008 Directors"), in response to the adoption of FIN48 and as part of an ongoing investigation of potential tax liabilities, became aware of a potential French

tax liability and established a reserve in Circuit City's consolidated financial statements for any such liabilities.

53. The 2008 Directors knew or should have known of the need to take the Final Steps, but failed to do so, subjecting Circuit City (and now Circuit City's estate) to potential substantial tax liabilities. In so doing, the 2008 Directors -- each of whom owed a continuing fiduciary duty to Circuit City through at least March 31, 2008 -- breached their fiduciary duty to Circuit City.

## CAUSE OF ACTION

### (Breach of Fiduciary Duty)

54. The Trustee repeats and realleges each of the foregoing allegations as if fully set forth herein.

55. Each of the 2004 Directors, 2005 Directors, 2007 Directors and 2008 Directors owed a fiduciary duty, including a duty of care, to Circuit City, and such fiduciary duty continued until each Director ceased to serve on Circuit City's Board.

56. Each of the Directors served on Circuit City's Board within two years of Circuit City bankruptcy filing on November 10, 2008.

57. Each of the 2004 Directors, 2005 Directors, 2007 Directors and 2008 Directors knew or should have known of the need to take the Final Steps and the financial consequences that could result from the failure to take such steps.

58. Despite having such knowledge, each of the Directors failed to take the Final Steps. The Directors' individual and collective failure to exercise reasonable care constitutes a breach of their fiduciary duty.

59. The Estate has been damaged by the Directors' breach of fiduciary duty in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

    i.    On his count for breach of fiduciary duty, damages in an amount to be determined at trial;

    ii.    Award the Trustee prejudgment interest at the legally allowed applicable rate;

    iii.    Award the Trustee costs, and expenses of suit herein; and

    iv.    Grant the Trustee such other and further relief the Court deems just and appropriate.

| | |
|---|---|
| Dated: Richmond, Virginia<br>November 9, 2010 | TAVENNER & BERAN, PLC<br><br>        */s/ Paula S. Beran*        <br>Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>(804) 783-8300<br><br>- and -<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz, Esq.<br>Andrew W. Caine, Esq.<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067-4100<br>(310) 277-6910<br><br>- and –<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>Robert J. Feinstein, Esq.<br>John A. Morris, Esq.<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>(212) 561-7700<br><br>*Counsel to the Liquidating Trustee* |